```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CAROLYN DAVIE                    :
                                 :
                                 :
V.                               :   CIV. NO.  3:08CV1001(WWE)
                                 :
CITY OF NORWALK OFFICER          :
RAY DeCAMILLO,in his             :
individual and official          :
capacity, and CHIEF HARRY        :
RILLING, in his individual       :
and official capacity            :
```

ORDER

Pending is Defendants' Motion to Compel [Doc. #41]. The Court heard oral argument on July 9, 2009. After careful consideration, Defendant's Motion to Comepl **[Doc. #41]** is **GRANTED**.

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P.26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery.

See Daval Steel Prods. V. M/V Fakredine, 951 F.2d 1357, 1367

(2d Cir. 1991); Morse/Diesel, Inc. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

Discussion

The first set of interrogatories asks the plaintiff to specifically identify the policies, practices and customs that she alleges were violated and/or should have been adhered to and/or which lead to the injuries she alleges she sustained. Defendants have provided plaintiff with hundreds of pages of documents and have invited plaintiff's counsel to come to the Norwalk Police Department and review all documents regarding its policies, practices and training manuals.  The plaintiff concedes that she has not identified an actual policy of the City of Norwalk which was violated in this matter and stated at oral argument that she does not believe such a policy exists.  If possible, plaintiff is to state specifically how the police department failed to train and discipline Officer DeCamillo; alternatively she will state in writing that she is not able to specify any further.

The first set of interrogatories also inquires how the claim of emotional distress has manifested itself.  Plaintiff is directed to provide specific examples of how the incident with Officer DeCamillo affected her, if she has them.

Defendants also seek the medical records of Dr. Roth. Plaintiff responds that she was advised that Dr. Roth does not

maintain records.  Subsequently, defendants requested that plaintiff provide a medical release for Dr. Roth's records.  The plaintiff is directed to execute a medical release for Dr. Roth and any responsive medical records sought by defendant, including any calendars or appointment books, to be produced to the Court for an in camera review.

Defendant's Motion to Compel **[Doc. #41]** is **GRANTED**.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 30th day of July 2009.

\_\_\_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

3